UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL CASE NO. 06-33-KKC

RICKY L. COX                                                                                         PLAINTIFF

v.                                            **OPINION AND ORDER**

CITY OF LAWRENCEBURG, KENTUCKY,
BOBBY W. SPARROW, *individually and in his official capacity*,
TOMMY BURRIS, *individually and in his official capacity*,
JOE SAUNIER, *individually and in his official capacity*,                    DEFENDANTS.

********

This matter is before the Court on the Defendants' Motions to Dismiss (Rec. No. 2, 3, and 11). For the reasons stated below, the Court GRANTS the Motions.

**I. FACTUAL BACKGROUND**

On May 30, 2006 the Plaintiff, Ricky L. Cox ("Cox") filed suit against the Defendants pursuant to 42 U.S.C. §1983 alleging violations of his civil rights in connection with his arrest on January 3, 2005. Specifically, Plaintiff contends that the arresting officer used excessive force during the arrest and that defendants failed to properly account for and keep safe personal property while impounding his vehicle.

**II. ANALYSIS**

In their Motion to Dismiss, Defendants assert that Plaintiff's § 1983 claims are time barred by the applicable statute of limitations.

Congress did not specifically mandate a statute of limitations period for §1983 actions. Therefore, Courts must look to analogous state statutes in resolving statute of limitations

questions in § 1983 cases. For purposes of selecting a statute of limitations, the United States Supreme Court has directed that only one state statute shall apply and that such actions should be characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985)(*overruled on other grounds*). Accordingly, the United States Court of Appeals for the Sixth Circuit has specifically held that "section 1983 actions in Kentucky are limited by the **one-year** statute of limitations found in section 413.140(1)(a)." *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179 at 182 (6th Cir. 1990) (emphasis added).[1]

While a Kentucky statute of limitations applies in this case, the Sixth Circuit has held that "federal law governs the question of when the limitations period begins to run." and that "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard*, 896 F.2d at 183.

The Complaint was filed in this case on May 30, 2006, almost 18 months after the January 3, 2005 arrest during which Plaintiff claimed that Defendant Saunier fastened the handcuffs too tightly on his wrists, slammed his knee in the cruiser door, and played music too loud in the cruiser causing physical pain to the Plaintiff. (Rec. No. 1, Complaint). The injuries for which Plaintiff seeks redress were either known to or readily discoverable by the defendant at or about the time of his arrest. Plaintiff's complaint does not articulate any basis for finding otherwise. Wherefore, this court finds that the statute of limitations period began on or about

---

[1] Citing *Troxell v. Trammel*, 730 S.W. 2d 525 (Ky. 1987), Plaintiff argues that the two-year statute of limitations found at KRS 304.39-230(6) should apply in this case. However, in view of the Sixth Circuit's holding in *Collard*, Plaintiff's reliance is misplaced. Moreover, *Troxell* was not a §1983 case.

January 3, 2005. Accordingly, the one year statute of limitations expired well before the Plaintiff's Complaint was filed on May 30, 2006.

The Defendants have raised additional arguments in support of their Motions to Dismiss. However, as the Court has found this action to be time barred, it will not address the additional arguments.

### III. CONCLUSION

Accordingly, the Court hereby **ORDERS** as follows:

(1) Motion to Dismiss by Defendant, City of Lawrenceburg, Kentucky (Rec. No. 2), is **GRANTED**;

(2) Motion to Dismiss by Defendants, Tommy Burris and Bobby W. Sparrow (Rec. No. 3), is **GRANTED**;

(3) Motion to Dismiss by Defendant, Joe Saunier (Rec. No. 11), is **GRANTED**;

(4) Motion to Quash by Joe Saunier (Rec. No. 10) is **DENIED** as **MOOT**;

(5) judgment will be entered contemporaneously with this opinion and order in favor of the Defendants.

Dated this 8th day of January, 2007.



Signed By:

*Karen K. Caldwell*

**United States District Judge**